**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EL CAMPO VENTURES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 20-469** |
| | § | |
| **STRATTON SECURITIES, INC.,** | § | |
| **STRATTON OILFIELD SYSTEMS** | § | |
| **TEXAS, LLC, DANIEL STRATTON,** | § | |
| **SHANNON STRATTON, CLAY** | § | |
| **SIGNOR, SIGNOR LOGISTICS, LLC,** | § | |
| **and SIGNOR FARM AND RANCH, LP,** | § | |
| | § | |
| **Defendants.** | § | |

**NOTICE OF REMOVAL**

Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441.

A.  Introduction

Pursuant to 28 U.S.C. § 1441 (a), this civil action is removed from the 293rd Judicial District Court of Texas in Dimmit County, Texas where this matter was pending under Cause No. 20-03-13830-DCV styled *El Campo Ventures, LLC vs. Stratton Securities, Inc., et al.*

B.  Nature of The Suit

Plaintiff alleges various claims arising out of a lease between Stratton Securities, Inc. and The United States of America National Institutes of Health ("NIH"), including claims for breach of contract, quantum meruit, promissory estoppel, money had and received, breach of fiduciary duty, and statutory fraud.  On March 9, 2020, prior to the time Plaintiff filed the state court suit, Defendant Stratton Securities, Inc. ("Stratton Securities") filed suit against Plaintiff in Civil Action No. 20-248, *Stratton Securities,*

*Inc. v. El Campo Ventures, LLC*, in the United States District Court for the Western District of Texas, Austin Division, which lawsuit if currently pending.

### C.  Timeliness of Removal

Plaintiff commenced this lawsuit by filing an Original Petition on March 30, 2020. Defendant received a copy of the Petition on April 1, 2020. This Notice of Removal is filed within thirty (30) days of Plaintiff's receipt of the Petition and therefore is timely filed under 28 U.S.C. § 1446(b).

### D.  Basis for Removal Jurisdiction

Removal is proper under 28 U.S.C. §§ 1441(a) and 1332 because there is complete diversity between the Plaintiff and Defendants, with the exception of the Defendants improperly joined, as described below.  Plaintiff is a Texas limited liability company with its principal place of business in Texas. *See* Attachment A(1).  Upon information and belief, the members of Plaintiff are Texas citizens, and not citizens of South Carolina.  Attachment C, par. 5.  Defendants Daniel Stratton and Shannon Stratton are citizens of South Carolina.  Attachment C. Defendant Stratton Securities, Inc. is a corporation incorporated under the laws of South Carolina and has it principal place of business in South Carolina.  Attachment C.  Defendant Stratton Oilfield Systems Texas, LLC is a limited liability company organized under the laws of South Carolina and has it principal place of business in South Carolina.  Attachment C.  Dan Stratton is the sole member of Stratton Oilfield Systems Texas, LLC and he is a citizen of South Carolina. Attachment C.  Plaintiff seeks damages in excess of $75,000.  *See* Attachment 1.

E.  Improperly Joined Defendants

Plaintiff improperly joined Defendants Clay Signor, Signor Logistics, LLC and Signor Farm and Ranch, LP (the "Signor Defendants") in an effort to prevent federal court diversity jurisdiction. "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non[ ]diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 401 (5th Cir.2013) (internal quotations and alteration omitted).  The test for inability of the plaintiff to establish a cause of action against the non[ ]diverse party in state court "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).

The Fifth Circuit in *Smallwood* set out the procedure for determining whether, in the absence of actual fraud, a nondiverse defendant was improperly joined. *See Mumfrey,* 719 F.3d at 401. First, a court looks at the allegations contained in the complaint. *See id.* If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. *Id.* (citing *Smallwood,* 385 F.3d at 573). When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.' " *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial

**NOTICE OF REMOVAL – PAGE 3**

court." *Smallwood,* 385 F.3d at 573.   "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003). Accordingly, this court must view "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Id. Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016)

Plaintiff's petition fails to state claims against the Signor Defendants.  However, even if the Court were to determine that the petition states a claim that satisfies Rule 12(b)(6), the petition has misstated and omitted discrete facts that would determine the propriety of joinder.  This court should therefore pierce the pleadings and conduct a summary inquiry.

Plaintiff's claims arise out of a lease entered into by Defendant Stratton Securities, Inc. ("Stratton Securities") and the NIH.  Stratton Securities owns the Studios, located at 909 Munson Road in Carrizo Springs, Texas (the "Studios"), which consists of multiple modular buildings, formerly used as a housing complex for oilfield workers. Attachment C, par. 3.  On April 26, 2019, Plaintiff entered into a Purchase and Sale Agreement with Stratton Securities for the sale of the Studios (the "Purchase Agreement"). Attachment C, par. 6.  The Purchase Agreement contained an inspection period which expired on May 3, 2019.  Exhibit A to Attachment C, par. 1.2.  The Purchase Agreement required Plaintiff to give notice that it waived its right to terminate the agreement. Exhibit A to Attachment C, par. 1.2.  Plaintiff did not give written notice that it waived its right to terminate the Agreement, the Agreement expired according to its own terms on May 3, 2019, and the sale did not occur.  Attachment C, par. 6.

Plaintiff and Stratton Securities thereafter entered into a letter agreement dated May 2, 2019 (the "Letter Agreement"). Attachment C, par. 7.  The Letter Agreement set forth two options under which Defendant would be entitled to compensation related to the Studios.  Attachment C, par. 7.  Under Option A, Defendant represented that it had been approached by a "Third Party Purchaser" desiring to purchase facilities to be operated as an immigration shelter.  Attachment C, par. 7.  Defendant agreed to use it best efforts to sell the Studios to such third party. Attachment C, par. 7.  The Letter Agreement stated that time was of the essence, and it was the intent of the parties that an agreement be reached with such third-party purchaser by Friday, May 17, 2019. Attachment C, par. 7.  No agreement was reached with the third-party purchaser by May 17, or anytime thereafter, and the Studios was never sold. Similarly, Option B was also never complied with by Plaintiff.  Stratton Securities later leased the Studios to the NIH for the operation of an immigrant shelter.  Attachment C, par. 7.

Plaintiff alleges claims against Clay Signor, Signor Logistics, LLC and Signor Farm and Ranch, LP (the "Signor Defendants") in the state court suit.  Attachment 1. The Signor Defendants were improperly added to the suit solely in a fraudulent attempt to prevent diversity jurisdiction in this Court.  Defendant Stratton Oilfield Services Texas, LLC previously entered into a ground lease with Signor Logistics, LLC on December 21, 2011 for the lease of the real property where the Studios is located (the "Signor Property").  Attachment C, par. 3.  In September 2014, the ground lease was amended to substitute the owner of the Signor Property, Signor Farm and Ranch, LP, as the lessor under the ground lease.  Attachment C, par. 3.  Stratton Securities purchased the Signor Property on June 7, 2019.  Attachment C, par. 10.  The ground lease between Stratton and

Signor was terminated on the same date.  Attachment C, par. 10.  In essence, the Signor entity Defendants were Stratton Securities' predecessors in title, never had any dealings with Plaintiffs, and are improper parties. Defendant Clay Signor was not a party to the ground lease with Stratton, never met or had any dealings with the Plaintiff, and is an improper party.

Defendant alleges a claim for money had and received against all Defendants, which presumably includes the Signor Defendants. Attachment 1, pg. 12.  Money had and received is an equitable doctrine applied to prevent unjust enrichment.  *Mary E. Bivins Foundation v. Highland Capital Mgmt.*, 451 S.W.3d 104, 112 (Tex. App. – Dallas 2014, no pet.).  A claim for money had and received is characterized as being based on a debt not evidenced in writing.  *Friberg-Cooper Water Sup. V. Elledge*, 197 S.W.3d 826, 831, (Tex. App. – Fort Worth 2006), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007).   The sole inquiry is whether the defendant holds money that belongs to the Plaintiff. *Staats v. Miller*, 243 S.W.2d 686, 687-88 (Tex. 1951).

The Signor Defendants were never parties to any agreement with Plaintiff. Attachment D, par.  4.  They are not parties to any of the agreements between Plaintiff and Stratton Securities, including the Purchase Agreement or Letter Agreement. Attachment D, par.  4.  The Signor Defendants had no communications or dealings with Plaintiff.   Attachment D, par.  4.  Signor Farm and Ranch, LP. sold its property to Stratton.  Attachment D, par.  4.  Stratton used its own funds to purchase the Signor Property.  Attachment C, par.  10.  The Signor Defendants never received any funds from Plaintiff.  Attachment D, par.  4.

Plaintiff has not alleged any facts showing that the Signor Defendants hold money that belongs to Plaintiff. Plaintiff's claim for money had and received against the Signor Defendants is unsupported by any facts or law. There is no reasonable basis for this court to predict that Plaintiff might be able to recover on this claim against the Signor Defendants.

Plaintiff also alleges claims against all Defendants for breach of fiduciary duty. Plaintiff claims that Daniel Stratton, Shannon Stratton, Stratton Oilfield Systems Texas, LLC and/or Stratton Securities, Inc. (the "Stratton Defendants") was/were Plaintiff's agents for purposes of obtaining an option to purchase the Signor land, or alternatively that they were partners with Plaintiff. Attachment A1, pg. 12. Plaintiff further alleges that the Stratton Defendants owed Plaintiff a fiduciary duty and breached the duty by purchasing the Signor property for their own benefit. Attachment A1, pg. 12. Defendant alleges that "Defendants" knew of the fiduciary duties owed by the Stratton Defendants and participated in a collective effort to conceal important facts from Plaintiff. Attachment A1, pg. 12.

The Purchase Agreement between Plaintiff and Stratton Securities provides that it "supersedes all previous arrangement and agreement, whether written or oral, and comprise the entire agreement between the parties hereto in respect of the subject matter hereof." Exhibit A to Attachment C, par. 7.8, pgs. 4-5. The Purchase Agreement also provides that it "may be amended or varied only by a writing, of even or subsequent date, executed by Purchaser and Seller." Exhibit A to Attachment C, par. 7.9, pg. 5. The Purchase Agreement reflects that Plaintiff agreed to purchase the Studios and take an assignment of the Signor ground lease, not that it would receive an option to purchase

Signor's land.   Exhibit A to Attachment C, pg.1.   Plaintiff terminated the Purchase Agreement prior to May 3, 2019.  Attachment C, par. 6.  Plaintiff and Stratton Securities thereafter entered into the Letter Agreement which provided that Plaintiff could earn a percentage of sales proceeds if certain conditions were met.  Attachment C, par. 7.  The Letter Agreement does not appoint the Stratton Defendants as agents of Plaintiff or create a partnership.  The Letter Agreement does not mention the Signor Defendants or the Signor property.  Exhibit A to Attachment C.

"The parol evidence rule applies when parties have a valid, integrated written agreement, and precludes enforcement of prior or contemporaneous agreements." *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011).  The Purchase Agreement is a valid, integrated written agreement, and precludes enforcement of Plaintiff's alleged prior or contemporaneous allegations of agency and partnership. Because Plaintiff's alleged prior or contemporaneous allegations of agency and partnership are barred, Plaintiff's attempt to ensnare the Signor Defendants into the state court lawsuit with vague allegations against all "Defendants" in order to prevent diversity jurisdiction fail.  Plaintiff's claim for breach of fiduciary duty against the Signor Defendants is unsupported by any facts or law.  There is no reasonable basis for this court to predict that Plaintiff might be able to recover on this claim against the Signor Defendants.  As a result, the Signor Defendants were improperly joined by Plaintiff in an attempt to defeat diversity jurisdiction.

F.   This Notice Is Procedurally Correct

Defendant has attached to this notice as Attachments A-G the documents required by 28 U.S.C. § 1446(a):

    A.     A copy of each document served on Defendant in the State Court Action;

          1.  Plaintiff's Original Petition

    B.     Notice of Removal to be filed in the state court lawsuit;

    C.     Affidavit of Daniel Stratton;

    D.     Declaration of Clay Signor;

    E.     Consent to Removal from Signor Defendants

    F.     Consent to Removal from Defendants Daniel Stratton and Shannon Stratton; and

    G.     Disclosure Statement.

The filing fee of $400 was paid at the time of filing.

This action may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and 1332, because there is complete diversity of citizenship.  This action is removable to this Court because this United States District Court embraces the place where the state court action is pending.  28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 293rd Judicial District Court of Dimmit County, Texas.

### D. <u>Jury Demand</u>

Plaintiff demanded a jury trial in the State Court Action.

Respectfully submitted,


 /s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**HENRY & JONES, L.L.P.**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR DEFENDANTS STRATTON SECURTIES, INC. AND STRATTON OILFIELD SERVICES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Notice of Removal was forwarded by email, to Benjamin P. Gates, Law Office of Ben Gates, P.C. 7015 Snider Plaza, Suite 202, Dallas, Texas, bpg@bengatespc.com, and Alfonso Nevarez, Nevarez Law Group, P.C., 780 E. Rio Grande Street, Eagle Pass, Texas 78852 anc@nevarezlawgroup.com, on this the 15th day of April, 2020.


 /s/ Michael L. Jones
Michael L. Jones